## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **HEATHER HUMPHRIES** | * | **CIVIL NO. 04-0670** |
| **VERSUS** | * | **JUDGE JAMES** |
| **RICHARD FEWELL, ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Summary Judgment filed on behalf of defendants. (Document No. 19). For reasons stated below, it is recommended that the Motion be **DENIED**.

## BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also invoked the court's supplemental jurisdiction under 28 U.S.C. § 1367, making complaints of excessive force and false arrest under state law. Plaintiff alleges that, on or about March 31, 2003, she was at her residence at 196, Cindy Lane, Monroe, Louisiana, when, pursuant to a complaint made by plaintiff and her roommate regarding excessive noise made by one of their neighbors, sheriff's deputies arrived at the residence.

Plaintiff claims that the sheriff's deputies arrived at approximately 10 p.m. Defendants claim that they arrived at approximately 9:00 p.m. Plaintiff admits that she and her roommate complained that they had made complaints regarding excessive noise from their neighbors in the past, and that the sheriff's department had done nothing to alleviate the problem. Defendants claim that the plaintiff threatened the officers; plaintiff denies that claim. The parties agree that a pick up truck driven by the father of the neighbor about whom the plaintiff was complaining pulled into the plaintiff's driveway while the officers were on the scene. Defendants claim that they proceeded to

the vehicle to make contact with its occupant, but the plaintiff approached the vehicle, threatened the occupant, and refused repeated warnings by the deputies to back away. The plaintiff claims that she ordered both the neighbor and the officers to leave her property, but that she never threatened the neighbor and attempted to walk back to her trailer as soon as the deputy told her to do so. She further claims that, while she was attempting to comply, Deputy Johns grabbed her from behind without provocation and that he instigated the incident by intentionally bumping into her. She claims that no verbal warning were given.

The defendants claim that the plaintiff was non-compliant, ignoring several verbal warnings to go back, and that she became physically aggressive toward Deputy Johns, pushing him in the chest with her hands and continuing her attempts to approach her neighbor. Plaintiff denies these claims, and instead claims that she was handcuffed and arrested without cause, that the deputy used excessive force such that he damaged his own handcuffs against her wrists and a second pair had to be used, that the second pair of handcuffs was tightened excessively, and that the defendants ignored her complaints that the handcuffs were too tight.

The plaintiff claims that she suffered permanent nerve damage and other injuries to her wrists as a result of the incident, and that she lost her job as a result of the false arrest. Defendants claim that the amount of force used was reasonable under the circumstances, and that there was probable cause for the plaintiff's arrest.

The defendants move for summary judgment, alleging that the use of force in this case was not excessive under the circumstances, that all of the claims against them individually are subject to dismissal on the grounds of qualified immunity. Defendant Fewell, who is sued in his official capacity, also claims that there is no evidence of a policy or practice such that the Sheriff's

department could be held liable for any claims by the plaintiff.

## LAW

### Summary Judgment

Under F.R.C.P. Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. However, the mere existence of a scintilla of evidence in support of the non-mover's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the non-mover. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999); *cert. denied,* 528 U.S. 906. The court must review the facts and draw all inferences in favor of the non-movant. *Herrera v. Millsap*, 862 F.2d 1157 (5th Cir. 1989).

### Excessive Force

The Fifth Circuit, in *Linbrugger v. Abercia,* 363 F.3d 537 (5th Cir. 2004), set out the requirements for an excessive force claim as follows:

> "This court analyzes a claim of excessive force in the course of a seizure under the Fourth Amendment. *Graham v. Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To prevail on an excessive force claim, [plaintiff] must show "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Ikerd v. Blair,* 101 F.3d 430, 433-34 (5th Cir.1996)."(citations in original)

### Qualified Immunity

The courts are not to engage in second-guessing officers in situations in which they have to make split-second, on-the-scene decisions, while confronted with violent individuals. *Graham v. Connor*, 490 U.S. 386 (1989). The law of qualified immunity requires the court to determine whether the officer's actions were objectively reasonable in light of clearly established law at the time of and in light of the information the officers possessed. Qualified immunity thus protects an official whose conduct is objectively reasonable even if the challenged conduct infringed upon a constitutional right of the plaintiff. *Wagner v. Bay City, Tex.,* 227 F.3d 316 (5th Cir. 2000); *Gutierrez v. City of San Antonio,* 139 F.3d 441 (5th Cir. 1998). Even law enforcement officials who reasonably, but mistakenly, use excessive force are entitled to immunity.

The first inquiry a court must undertake in a qualified immunity situation is whether the plaintiff's allegations, if true, establish a constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508 (2002). Even if a constitutional violation is established, the defendants may nevertheless be shielded from liability if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person could have known. *Id.*

For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. In the light of pre-existing law, the unlawfulness must be apparent. However, officials can be on notice that their conduct violates established law even in novel factual circumstances. The salient question the court must ask is whether the state of the law at the time of the alleged incident gave the officers fair warning that their alleged conduct was unconstitutional. *Hope,* 122 S.Ct. at 2516.

The defense of qualified immunity protects a public official from both litigation and liability absent a showing that the official violated a constitutional right that was clearly established at the

time of the incident. *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995), *cert. denied,* 516 U.S.1084 (1996). Officers have qualified immunity if their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Richardson v. Oldham,* 12 F.3d 1373 (5th Cir. 1994).

In gauging the objective reasonableness of the force used by a law enforcement officer, the court must balance the amount of force used against the need for that force. *Ikerd v. Blair*, 101 F.3d 430 (5th Cir. 1996).

The Supreme Court, in *Graham v. Connor*, 490 U.S. 386 (1989) set forth a list of factors relevant to the merits of a constitutional excessive force claim which is heavily dependent on the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. If an officer reasonably, but mistakenly, believes that a suspect is likely to fight back, the officer is justified in using more force than in fact was needed.

A plaintiff asserting an excessive force claim is also required to show that he suffered injury. The injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed. *Knight v. Caldwell*, 970 F.2d 1430 (5th Cir. 1992), *cert. denied* 507 U.S. 926 (1993).

**State Law Claims**

In order to prevail on a state law claim of false arrest or imprisonment, the plaintiff must prove that he or she was detained and that the detention was unlawful. *Dumas v. City of New Orleans,* 2001-0448 (La.App. 4 Cir. 12/5/01); 803 So.2d 1001. Thus, the plaintiff must prove that

her arrest was made without any legal process or warrant or under a warrant that was null and void on its face. *Duboue v. City of New Orleans,* 909 F.2d 129 (5th Cir. 1990). If there was probable cause to arrest her, the detention was not unlawful.

## ANALYSIS

Keeping the above legal principles in mind, and accepting for purposes of this motion the plaintiff's version of the events giving rise to this lawsuit, Heather Humphries has adequately presented claims which, if accepted as true by the finder of fact, would constitute a violation of her constitutional right to be free from the use of excessive force and for which all of the defendants could bear liability. According to the plaintiff, she was complied with the officer's instruction to back off, did not threaten or make any affirmative physical contact with the officer before her arrest, and committed no criminal offense which would give rise to probable cause for an arrest. In addition, the plaintiff claims that her complaints that the handcuffs were too tight were ignored, and that she suffered significant injury as a result of the incident. Finally, again accepting the plaintiff's version of events, the other officers on the scene failed to intervene even though they were aware that there was no probable cause for the plaintiff's arrest and that she had not threatened or battered the arresting officer. Finally, there is an issue of fact on the custom or policy issue sufficient to create an issue of fact for trial. Specifically, the plaintiff claims that the Sheriff's Department had a policy of refusing to leave even when asked to go by the person making the initial complaint, that this policy was a violation of state law, and that the violation led to the incident and injuries in question.

The record herein shows that there are numerous issues of fact regarding the incident in question and all other aspects of this case. Because of the issues of fact, and the fact-dependent nature of the claims before the court, summary judgment on any of the grounds put forth by the

defendants would not be appropriate on the record as it now stands. Therefore, it is recommended that the defendants' motion for summary judgment regarding plaintiff's claims be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 22nd day of August, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE