RECEIVED

DEC 1 4 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| HEATHER HUMPHRIES | CIVIL ACTION NO. 04-0670 |
| VERSUS | JUDGE ROBERT G. JAMES |
| RICHARD FEWELL, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

On November 15, 2005, Defendants made a timely oral and written Motion for FRCP Rule 50 Judgment as a Matter of Law [Doc. No. 49]. On the same day, Defendants submitted a memorandum in support of their motion. Pursuant to the provisions of Rule 50 of the Federal Rules of Civil Procedure, the Court took the motion under advisement and submitted the case to the jury.

The jury then rendered its verdict, finding that Plaintiff established by a preponderance of the evidence that Defendants Darrell Johns ("Johns") and Eric McElroy ("McElroy") committed violations of 42 U.S.C. § 1983 and state law against negligence. The jury further found that Plaintiff was entitled to both compensatory and punitive damages.

In ruling on a motion for judgment as a matter of law after a verdict is rendered, the Court must determine whether "'the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict.'" *American Home Assur. Co. v. United Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004) (quoting *Liberty Mut. Ins. Co. v. Falgoust*, 386

1

F.2d 248, 253 (5th Cir.1967)). A jury verdict must stand unless there is a lack of substantial evidence, viewed in the light most favorable to the successful party, to support the jury's factual findings, or the legal conclusions implied from the jury's verdict cannot, in law, be supported by those findings. *Id.*

Defendants first contend that Defendant Richard L. Fewell ("Fewell") is entitled to judgment as a matter of law on any claims asserted against him under 42 U.S.C. § 1983. However, prior to submission of the case to the jury, Plaintiff dismissed the § 1983 claims against Fewell. Therefore, the portion of Defendants' Motion for FRCP Rule 50 Judgment as a Matter of Law pertaining to the dismissed claims against Fewell is DENIED AS MOOT.

Defendants further contend that at the conclusion of trial, there was no "legally sufficient basis for a reasonable jury to find that the Defendants . . . were negligent nor committed a false arrest nor used excessive force in affecting Plaintiff's arrest."

The Court disagrees. While Defendants may not like the verdict, the jury had the duty and the right to make credibility determinations. The jury apparently chose to believe the testimony of Plaintiff, her roommate, Tammy Bailey, and Plaintiff's other supporting witnesses over Defendants and their supporting witnesses.

Some of the testimony offered by Defendants and their witnesses even supported the jury verdict. For example, with regard to Plaintiff's false arrest claim, even McElroy testified that he did not see Plaintiff commit any crime. The jury then chose to believe Plaintiff's testimony that she never pushed Johns, rather than Johns' testimony that she did. In light of its credibility determinations, the jury reasonably found that Johns had no probable cause to arrest Plaintiff.

2

Whether the Court or another jury would have reached the same verdict in this case is not the issue. Based on the testimony and evidence presented at trial, the Court finds that the jury's factual findings were supported by substantial evidence, and the legal conclusions, implied by its verdict, are supported by those factual findings. Accordingly, the remainder of Defendants' motion is DENIED.

MONROE, LOUISIANA, this 14th day of December, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE